ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL SULLIVAN, | § | |
| | § | |
| *Plaintiff,* | § Cause No.: **3-21CV0915-S** |
| | § | |
| v. | § | |
| | § JURY DEMAND | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Paul Sullivan, brings this action against Defendant City of Dallas, to redress certain grievance arising under Title VII of the Civil Rights Act of 1964, Family Medical Leave Act, the American with Disabilities Act, and Texas common law. For causes of action, Plaintiff would show this Court as follows:

### I.   PARTIES

1. Plaintiff, Paul Sullivan, is a citizen and resident of Dallas County, Texas.

2. Defendant, The City of Dallas, is a municipality/political subdivision in Dallas County and may be served by delivering citation to T.C. Broadnax, Dallas City Hall, 1500 Marilla Street, Dallas, TX 75201.

### II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3), The Family Medical Leave Act, The American with Disabilities Act (1990 as amended), 29 U.S.C. § 621, et seq., and 28 U.S.C. § 1331, 1334 and the State of Texas common law under concurrent jurisdiction.

---

**Plaintiff's Original Complaint**                                                          Page 1 of 11

4. Venue in this district is proper under Title VII, 42 U.S.C. § 2000e-5(f)(3), The Family Medical Leave Act, The American with Disabilities Act (1990 as amended), and 28 U.S.C. § 1391(b).

5. Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), The Family Medical Leave Act, The American with Disabilities Act (1990 as amended), and 29 U.S.C. § 630(b).

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of Defendant's discriminatory conduct.

7. Plaintiff received a Notice of Right to Sue from the EEOC on or around January 21, 2021, relating to his Title VII claims and brings this lawsuit within ninety (90) days.

8. Based on the foregoing, all jurisdictional prerequisites to this suit have been met.

### III.   FACTS

9. At all times relevant to this case, Plaintiff was an employee of the City of Dallas as defined in Texas law, Title VII, ADA, and FMLA.

10. At all times relevant to this case, Defendant has been an "employer" within the meaning of Texas law, Title VII, ADA, and FMLA.

11. Plaintiff had worked for Defendant faithfully for approximately 20 years starting in 1999 in numerous roles ranging from the Municipal Court to Information Technology.

12. In 2015, Plaintiff began working for The City of Dallas Public Works Department primarily working in the area of streets.

13. In 2018, Plaintiff was involved and participating in a team of workers who make projections for repairs of City of Dallas street repairs for a five (5) year period.

14.     After significant efforts and resources, the City of Dallas Public Works team, including Plaintiff, determined that the budget over the next five (5) years for street repairs should be approximately $1.3 billion.

15.     After this determination, on or about January 2018, City of Dallas Public Works hired a third party private pavement management consulting firm, named Fugro, to conduct the same exact work completed internally by City of Dallas Public Works Department, namely estimating a budget for street repairs for a five (5) year period. Fugro estimated street repair budget of $1.8 billion for five (5) years in contrast to the $1.3 billion over the same five (5) year period estimated internally by the City of Dallas Public Works Department.

16.     Plaintiff began stating that this was a fraudulent means of obtaining an additional half billion dollars to the Public Works budget from June 18, 2018 thru March 2019, through emails and verbally on or at least ten (10) occasions with his director supervisors namely, Jennifer Nicewander, Manager of Pavement Management Project and Robert Perez, Director of Public Works.

17.     In August 2018, the Public Works Department of City of Dallas presented Fugro's findings and was approved for the full $1.8 billion in September 2018.

18.     From December 2018 thru March 2019, Jennifer Nicewander, Manager of Pavement Management Project and Robert Perez, Director of Public Works engaged in efforts to suppress information on Plaintiff's performance evaluation.

19.     On or about March 5, 2019, Plaintiff sent a letter to Robert Perez, Jennifer Nicewander, and Cosmin Spiridon reporting race discrimination under Title VII race discrimination and informing them of an imminent filing of an EEOC complaint.

20. Two days later, on or about March 7, 2019, Plaintiff was issued a Letter of Counseling two days later in retaliation for reporting race discrimination.

21. On or about March 8, 2019, Plaintiff took information reflecting fraud and mishandling of City of Dallas funds to repair streets in the amount of $300,000,000.00 over a five (5) year period to the Dallas City Council and the Federal Bureau Investigation.

22. On or about April 2, 2019, Jennifer Nicewander and Robert Perez placed Plaintiff on suspension due to his asserting his Title VII rights and for taking data regarding fraud in mishandling City of Dallas funds to the Dallas City Council and the Federal Bureau of Investigation.

23. From March 21, 2019 thru October 30, 2019, Will Walling (CIS/DBA Group Manager) directed his staff on multiple occasions not to work on any public works projects related to Paul Sullivan.

24. On or about August 7, 2019, Plaintiff submitted an FMLA request due to his ADA disability for leave between August 7th – October 7th in 2019. This FMLA leave constituted a request for accommodation under the ADA.

25. Plaintiff is disabled by being HIV positive and is further regarded as disabled by The City of Dallas as he had reported the same to them and applied for FMLA leave based on his disability.

26. Plaintiff's HIV positive status also qualifies as a significant health condition under the FMLA.

27. On or about October 3, 2019, Defendant violated the ADA, FMLA, and Texas common law for terminating Plaintiff due to his request for accommodation due to his disability, in retaliation for his letter on March 5, 2019 reporting race discrimination under Title VII,

making an FMLA request for time off, and for reporting criminal waste of City of Dallas funds with respect to repair of streets to the FBI and City Council of Dallas.

28. Plaintiff suffered significant harm and damages as a consequence of Defendants actions.

## IV.   CAUSES OF ACTION

**COUNT ONE:    ADA DISCRIMINATION**

29. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

30. Defendant City of Dallas is an "employer" as defined by the ADA.

31. Plaintiff Paul Sullivan is an "employee" as defined by the ADA.

32. Plaintiff was qualified for his position at all times while working for Defendant.

33. Plaintiff was both disabled and regarded as disabled in light of his HIV positive status.

34. Plaintiff requested leave to deal with his disability on or about August 7, 2019 and was terminated shortly thereafter on or about October 3, 2019 for requesting this accommodation.

35. As a result of Defendant's violations of ADA, Plaintiff has suffered mental and emotional trauma, actual damages in the form of lost wages and benefits (past and future) and other losses.

36. As a result of these willful violations of the ADA, Plaintiff requests that he be awarded all compensatory damages, to which he is entitled, as outlined in Title VII, as well as equitable relief, and attorneys' fees and costs.

## COUNT II:   TITLE VII RETALIATION

37. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

38. Defendant, City of Dallas is an "employer" as defined in the Title VII.

39. Plaintiff, Paul Sullivan is an "employee" as defined by the Title VII.

40. On or about March 5, 2019, Plaintiff sent a letter reporting Title VII race discrimination and informing Defendants that he intended to file an EEOC complaint regarding the same.

41. Plaintiff was then retaliated against two days later on March 7, 2019 by being issued a Letter of Counseling by his direct manager Jennifer Nicewander, by Will Walling (CIS/DBA Group Manager) directing his staff on multiple occasions not to work on any public works projects related to Paul Sullivan, and ultimately by being terminated on or about October 3, 2019.

42. Defendant was aware of the protected activity and discriminated further against Plaintiff and terminated Plaintiff based on his engaging in protected activity.

43. Plaintiff suffered significant harm through this retaliation for asserting his Title VII rights.

## COUNT III:   FAMILY MEDICAL LEAVE ACT VIOLATION

44. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

45. The FMLA specifically provides that it is unlawful for an employer to discharge or in any other manner discriminate against an employee for exercising the employee's right to take FMLA leave.  29 U.S.C. § 2615(a)(2).

46. Plaintiff is an employee within the meaning of the FMLA. Plaintiff was employed by Defendant for at least 12 months and worked at least 1,250 hours in the 12 months preceding the leave.

47. Defendant is an employer within the meaning of the FMLA. Defendant employed 50 or more employees for each working day of 20 or more calendar workweeks in the current or preceding calendar year.

48. During the course of his employment, on or about August 7, 2019, Plaintiff applied for FMLA leave due to his significant health condition, namely being HIV positive to his employer, The City of Dallas from August 7, 2019 to October 7, 2019.

49. Shortly thereafter on or about October 3, 2019, Defendant unlawfully retaliated against Plaintiff for seeking leave under the FMLA. Specifically, Defendant terminated Plaintiff during his requested FMLA requested leave period.

50. As a direct and proximate result of Plaintiff's exercise of rights under the FMLA and his subsequent termination, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, both past and future, and the value of benefits and fringe benefits.

51. Because Plaintiff was forced to retain counsel to protect his rights, Plaintiff is also entitled to reasonable attorneys' fees, reasonable expert witness fees, and any other costs of court. Additionally, Plaintiff is entitled to pre-judgment and post-judgment interest on all sums, including attorneys' fees and costs awarded in this action.

**COUNT IV: PUBLIC POLICY EXCEPTION TO AT-WILL EMPLOYMENT UNDER TEXAS COMMON LAW**

52. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

53. Plaintiff was involved in estimating repairs to streets in the City of Dallas for a five (5) year period which Plaintiff along with others in the Public Works department estimated to be $1.3 billion.

54. The City of Dallas Public Works Department then hired a private consulting company named Fugro to complete the exact same work that was conducted internally.

55. Fugro estimated the cost to repair/maintain streets in the City of Dallas to be $1.8 billion which allowed the Public Works department to be approved for an additional half billion dollars by the Dallas City Council.

56. Plaintiff challenged Fugro's determination and asserted that the City of Dallas Public Works department had wasted money to engage Fugro to repeat the same analysis conducted internally in the City of Dallas for the sole purpose of justifying increased funds to Public Works.

57. Plaintiff further asserted that criminal and civil fraud had occurred to essentially take an additional half billion dollars from the City of Dallas budget without any reasonable justification.

58. Plaintiff, along with other public works employees, reported numerous times that Fugro's estimates were a gross overestimation of the funds necessary for street repairs and was a fraudulent allocation and use of City monies which ultimately was harmful to the City of Dallas and it's citizens.

59. On or about March 8, 2019, Plaintiff formally presented his data and conclusions regarding fraud to the Dallas City Council and the Federal Bureau of Investigation.

60. He was immediately retaliated against by Will Walling, a manager, directing his employees not to work with Plaintiff on any aspects of public works.

61. He was further retaliated against by the rejection of his FMLA request and ADA accommodation made on August 7, 2019 by being terminated on or about October 3, 2019.

62. Plaintiff took actions that were in the public interest even though it was detrimental to his position at the City of Dallas.

63. Plaintiff's actions were motivated by preventing a significant over-allocation of funds towards streets and prevent waste and fraud.

64. Plaintiff's actions were further motivated by his sincere and genuine belief, after analyzing the data, that the City of Dallas Public Works were involved in criminal fraud, hence his report to the Federal Bureau of Investigation.

65. If the Federal Bureau of Investigation would determine that the City of Dallas Public Works had committed a crime of a fraud in the allocation of street funds, Plaintiff did not wish to participate in such a crime.

66. The City of Dallas retaliated against Plaintiff for expressing his unwillingness to participate in a potentially fraudulent crime as well as his unwillingness to be complicit in the allocation of City of Dallas funds on a false premise thereby attempting to protect the citizens of the City of Dallas.

67. Plaintiff was immediately retaliated against and then eventually terminated for his reports of fraud to the City of Dallas and his unwillingness to engage in said fraud.

68. Plaintiff's actions were honorable and done in the spirit of preventing a half a billion dollar fraud on the citizens of the City of Dallas.

69. Texas public policy is to protect and shield employees courageous enough to express dissent to potential fraud to avoid a chilling effect on whistleblowers by removing all protections on their jobs.

70. Plaintiff was severely damaged by the actions of the City of Dallas and continues to suffer such damages.

## V. DAMAGES

71. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

72. Defendant's violations of Title VII give rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; costs; expert witness fees; attorneys' fees; mental anguish; emotional distress in the past and future; compensatory damages; and pre- and post-judgment interest as allowed by law.

## VI. JURY DEMAND

73. Plaintiff respectfully requests a trial by jury.

## VII. PRAYER FOR RELIEF

74. WHEREFORE, Plaintiff respectfully prays that Defendant City of Dallas be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Plaintiff against Defendant, and that Plaintiff be awarded the following:

A. Declare that Defendant violated Plaintiff's rights under Title VII;

B. Actual and compensatory damages for the period of time provided by law, including appropriate back pay, unpaid back wages at the applicable overtime rate; front pay and reimbursement (past and future) for lost pension, insurance and all other benefits;

C. Reinstatement, or front pay, including benefits, in lieu of reinstatement;

D. Compensatory damages as allowed by law

E. Reasonable attorneys' fees, court costs and expenses of this action

F. Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

G. Damages for emotional distress and mental anguish;

H. Pre-judgment and post-judgment interest as allowed by law; and

I. Such other and further relief as may be allowed by law or in equity.

Respectfully submitted,

Paul Sullivan, *Pro Se*
*(Drafted with Assistance of Counsel)*
1900 Elm Street, Apt. 406
Dallas, TX 75201
bknamerican@gmail.com
(214) 715-7854

JS 44  (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paul Sullivan,

**DEFENDANTS**
The City of Dallas

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED APR 21 2021
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **FEDERAL TAX SUITS** | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 871 IRS—Third Party 26 USC 7609 | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, FMLA, Title VII, and Common Law

Brief description of cause:
Wrongful Termination and Retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____