IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL SULLIVAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-915-S-BN |
| | § | |
| CITY OF DALLAS, TEXAS and | § | |
| JENNIFER NICEWANDER, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 1.

The parties have filed objections to evidence offered in support of Defendant City of Dallas's motion for summary judgment [Dkt. No. 78] and Plaintiff Paul Sullivan's Response to the motion for summary judgment [Dkt. No. 93].

Sullivan raises objections to the City's summary judgment evidence in his response to the motion for summary judgment. *See* Dkt. No. 93 at 8-9. The City has filed a response. *See* Dkt. No. 100.

The City has filed a motion to strike portions of Plaintiff Paul Sullivan's summary judgment evidence, *see* Dkt. No. 99. Sullivan has filed a response, *see* Dkt. No. 101, and the City filed a reply, *see* Dkt. No. 102.

**Background**

The parties are familiar with the facts of the case, which are discussed in detail in findings, conclusions and recommendations filed in the case, and they will not be repeated here.

**Legal Standards and Analysis**

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED R. CIV. P. 569(C)(2).

I. <u>Sullivan's objections to the City's summary judgment evidence</u>

Sullivan objects to three paragraphs in the Declaration of Robert Perez and to an email attached to the Declaration of Jennifer Nicewander. *See* Dkt. No. 93 at 8-9.

Sullivan objects to these paragraphs in Perez's Declaration "for lack of foundation and speculation":

> 14. I am not aware of any road repair estimates performed and completed by Furgo provided to the North Central Texas Council of Governments, the Texas State Department of Transportation, or the federal government.
> 15. I am not aware of any data related to Dallas PCI readings, indications, or PCI analysis that had been analyzed by Furgo that was provided to the North Central Texas Council of Governments.
> 16. I am not aware of any data related to Dallas PCI readings, indications, or PCI analysis that had been analyzed by Furgo that was provided to the federal government.

Dkt. No. 80-3 at 5 (App. 181).

The statements in Perez's Declaration are relevant to the first and second elements of Sullivan's FCA retaliation claim: whether he engaged in protected activity under the FCA and whether the City was aware of any alleged protected activity. Sullivan's argument that he engaged in protected activity under the FCA when he

complained of allegedly inaccurate PCI scores is dependent on a showing that the PCI scores were used to obtain federal funds. And, so, Perez's awareness of whether the PCI scores were used to obtain federal funds is relevant to Sullivan's claim and not improper speculation and are admissible.

Sullivan objects to an email from HR Manager II Don Spear to Sullivan's supervisor, Jennifer Nicewander. In an October 8, 2019 response to Nicewander's question about whether there was an open GIS III position, Spear responded "[n]ot that I'm aware of." Dkt. No. 80-6 at 35 (App. 272). Sullivan objects to lack of foundation and hearsay.

The statements in the email are relevant to Sullivan's arguments that the City's reason for his termination was pretext. Sullivan argues that the City failed to allow him to apply for an open GIS Analyst III position. The statements that there was not an open GIS Analyst III position at the time refute Sullivan's allegation.

The lack of foundation objection is overruled.

But Spear's statement was offered for the truth of the matter that there was no GIS Analyst III position open at the time Sullivan asked to be considered for the job.

On October 2, 2019, Sullivan asked his supervisor, Jennifer Nicewander, to consider him for a posted GIS Analyst III position. See Dkt. No. 80-6 at 36 (App. 273). Nicewander then asked Spear "is there an open GIS III position in PBW that is being advertised?"). *Id.* Spear responded "[n]ot that I'm aware of." *See id.* And Nicewander then responded to Sullivan, "I am not aware of a GIS position opening in PBW and am not sure why the posting references PBW." Dkt. No. 94-1 at 8.

The hearsay objection is sustained.

II. <u>The City's objections to Sullivan's summary judgment evidence</u>

The City has filed a motion to strike certain allegations in the Declaration of Paul Sullivan, which was filed in support of Sullivan's response to the City's motion for summary judgment. *See* Dkt. No. 99. Sullivan filed a response, *see* Dkt. No. 101, and the City filed a reply, *see* Dkt. No. 102.

But a motion to strike is not necessary to challenge summary judgment evidence. Courts consider objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial. *See Pem-Air Turbine Engine Services LLC v. Gupta*, No. 3:21-CV-180-L-BN, 2024 WL 1317798, at *2 (N.D. Tex. Mar. 27, 2024).

And, so, the undersigned will consider the motion to strike as raising objections only.

The City objects to these paragraphs in Sullivan's Declaration:

4. My first supervisor at the City of Dallas told me that RIFs were used by the City to get rid of folks that are undesirable but who cannot be terminated under the civil service protection system.

Dkt. No. 94-1 at 1 (App. 001). The City objects to this statement as hearsay. The statement is being offered for the truth of the matter in support of Sullivan's contention that the City engages in sham reductions in force to terminate difficult employees, including the RIF in which he was terminated in 2019. The hearsay objection is sustained.

14. I currently appear to be in the process of again being setup to lose my job through a RIF. Specifically, on or about September 25, 2023, one of my staff called me, informed me that he was COVID-positive and wanted to know what to do. I told him to stay at home. However, there was an issue as to whether he was allowed to work remotely given his status, however, he came to work anyway before I had received an answer from Human Resources that would confirm he could work remotely. This employee's spouse works for the outgoing City manager T.C. Broadnax, whose last day of employment as City Manager is April 24, 2024. Falsely believing that I had told him to come to work while COVID positive, my subordinate's wife complained to the City Manager, and I was subsequently the recipient of a formal reprimand, allegedly for telling to come to work while COVID-positive. However, I appealed this reprimand and worked withing my chain of command to reverse it. The reprimand was later revoked because I had done nothing wrong.
15. Even so, the damage had been done. Once again, merely by standing up for the simple concept that truth matters and one should not accept a reprimand based on a lie, I have now been pigeon-holed in apparent anticipation of a future RIF.
16. Specifically, since the September 2023 incident, reprimand, and reversal of the reprimand, my new Department Director has informed me that when he joined the Department he was told to "watch out for Paul Sullivan."
17. Also, prior to the incident, reprimand, and reversal, I was in charge of a team that consisted of myself, a GIS analyst, two business analysts, and one administrative assistant. Since the incident, reprimand, and reversal, I have had the entire team removed from me, I have lost my position as a supervisor, I am no longer working on the important VEOCI project that deals with emergency communications at the airport, and instead I am working on a series of "miscellaneous projects" This is an apparent demotion and to me is the handwriting on the wall that I will be subject to a RIF by August.

Id. at 4-5 (App. 004-005).

The City objects to paragraphs 14-17 as unsubstantiated assertions, conclusory, based on conjecture, made without proper foundation, and prejudicial to the City.

"Unsubstantiated assertions, improbable inferences, and unsupported speculation

are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). There is no evidence in the record to support the allegation that Sullivan is being setup for another RIF at his current job with the City– nearly five years after the RIF which forms the basis of his claim. Nor do those statements have any bearing on whether there was a retaliatory animus as part of the 2019 reorganization in an entirely separate role in an entirely separate department. *See id.;* FED. R. EVID. 901.

    The City's objections to paragraphs 14-17 are sustained.

> 18.    Although I have been in settlement negotiations in this case, my most settlement offer requested that the City carve out any waiver of my rights related to the incident, reprimand, and reversal, and subsequent reduction in role and duties. However, my attorney has been informed that the City seeks a release of any and all claims up to the date of any settlement. Accordingly, not only I am in a position where it appears I am subject to a future seventh RIF, I am unable to settle this matter without waiving rights related to my current diminished position.

Id. at 5 (App. 005).

    The City objects to Paragraph 18 as inadmissible because it details confidential settlement discussions between the parties. Federal Rule of Evidence 408 precludes admission of evidence of compromise offers or negotiations to demonstrate the validity of a party's claims or defense, or to impeach by a prior inconsistent statement or contradictions. *See* FED. R. EVID. 408; *see also King v. Univ. Healthcare Sys., L.C.,* 645 F.3d 713, 720 (5th Cir. 2011) (affirming district court's exclusion of portions of emails that it found reflected the parties' willingness to settle); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 30 (S.D.N.Y. 1992) ("Settlement discussions are inadmissible to show fault under

Fed. R. Evid. 408, and accordingly may be stricken from a complaint as immaterial and potentially prejudicial."). Sullivan does not explain a permissible purpose for admission of the statement and the undersigned finds none.

The City's objection to paragraph 18 are sustained.

## Conclusion

Defendant City of Dallas's Motion to Strike Certain Allegations in Plaintiff's Declaration in Support of His Response to Motion for Summary Judgment [Dkt. No. 99] is granted, and Sullivan's objections to the City's summary judgment evidence, which he raised in response to the motion for summary judgment, are overruled.

SO ORDERED.

DATED: July 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE